**Sherry E. BRITTON et al., Appellants,**

v.

**Robert S. FOLSOM et al., Appellees.**

**No. 22933.**

United States Court of Appeals
Fifth Circuit.

Sept. 1, 1965.

See also, 5 Cir., 348 F.2d 158.

---

1. This section was not incorporated into the United States Code, thereby creating much confusion.

W. J. Durham, Dallas, Tex., for appellants.

Warren Whitham, Donald G. Gay, Franklin E. Spafford, Dallas, Tex., for appellees.

Before TUTTLE, Chief Judge, and RIVES and BELL, Circuit Judges.

BY THE COURT:

This Court, by its order of July 2, 1965, remanded this case to the District Court for the entry of an appropriate order expediting the pace of desegregation of the Dallas City Schools. In that order the Court stated, "In considering the revised plan and any amendments thereto, the District Court should require the desegregation of grade 12 in 1965. Lockett v. Board of Education of Muscogee County School District, 5 Cir., 1965, 342 F.2d 225."

Upon remand the District Court declined to order the 12th grade of school added to the existing plan of desegregation, stating that the Court was treating the language contained in our previous opinion as a suggestion rather than as a mandate.

In view of the repeated statements by this Court during the summer months in remanding cases to District Courts for the inclusion of the 12th grade as a part of desegregation plans, see Price v. Denison Independent School District, et al., 5 Cir., 348 F.2d 1010, decided July 2, 1965, and Singleton v. Jackson Municipal Separate School District, 5 Cir., 348 F.2d 729, decided June 22, 1965,* and the clear statement contained in the opinion of this Court in Lockett v. Board of Education of Muscogee County School District, 5 Cir., 342 F.2d 225, referred to in the June 22nd order of this Court, recognizing the importance of including higher grades of schools in desegregation plans because this "affords those students already in school some measure of desegregated education before graduation," we conclude that on the appeal from this latest order there is no reasonable likelihood that this Court will not require the inclusion of the 12th grade as embodied in our opinion of July 2, 1965.

It is, therefore, ordered that, pending appeal, the appellees, Robert S. Folsom, as President of the Board of Trustees of Dallas Independent School District, Dallas County, Texas, et al., shall amend their present plan of desegregation as approved by the District Court for the Northern District of Texas to include desegregation of the 12th grade in all of the high schools under their jurisdiction beginning in September, 1965.

The mandate of this Court shall issue forthwith.

---

* This Court has entered interim orders remanding five other cases to District Courts expressly directing their attention to Singleton and Denison.